# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 19-0032 |
| VERSUS | JUDGE DONALD E. WALTER |
| JAHODA OVERSTREET | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Before the Court is a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" filed by the Defendant, Jahoda Overstreet ("Overstreet"). See Record Document 55. Therein, Overstreet raises numerous allegations of ineffective assistance of counsel against his retained attorney, Katrina Jackson ("Jackson"), including a claim that Jackson failed to file an appeal on his behalf. See id. The Government opposes the motion. See Record Document 63. Overstreet also filed a "Motion for Leave to File and Time to File a Memorandum of Law In Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." See Record Document 56.

On May 13, 2021, the Court granted Overstreet an additional 60 days to file a memorandum in support of his motion and to amend his motion to address any and all existing claims. See Record Document 64. The Court also warned Overstreet that all existing claims must be presented in connection with his 2255 motion or they could be found to be "second and successive" if the Court decided to allow an out-of-time appeal and dismissed his 2255 motion without prejudice. See id. Overstreet has not amended his motion or filed a memorandum for the Court's consideration. Therefore, the Court will proceed in considering Overstreet's motion in its current form.

On February 26, 2020, Overstreet was sentenced to 151 months in custody after pleading guilty to one count of conspiracy to possess with the intent to distribute fifty grams or more of methamphetamine, and five hundred grams or more of a mixture and substance containing methamphetamine. See Record Document 1; Record Document 41. On March 19, 2020, Jackson filed a Motion for Extension of Time and Leave to File Notice of Appeal, stating that she had been unable to meet with Overstreet to discuss whether good cause existed for an appeal due to the unfolding COVID-19 crisis. See Record Document 44. The Court granted the request, and provided 30 additional days to file a Notice of Appeal as allowed by Federal Rule of Appellate Procedure 4(b). See Record Document 47. On April 7, 2020, Jackson filed a Second Motion for Extension of Time and Leave to File Notice of Appeal. See Record Document 48. On April 8, 2020, the Court denied counsel's motion because the Court had previously granted the maximum amount of time to extend the deadline allowed under Federal Rule of Appellate Procedure 4(b). See Record Document 49.

On April 9, 2020, Jackson filed a Notice of Appeal on behalf of Overstreet. See Record Document 50. The same day, this Court filed a letter addressed to Jackson and Overstreet indicating that a fee of $505.00 was required to perfect the notice of appeal, and requested that either payment or an *in forma pauperis* application be submitted immediately to avoid the risk of dismissal. See Record Document 51. On April 14, 2020, the Fifth Circuit Court of Appeals also sent a notice to Jackson notifying her that she must pay the $505.00 filing and docketing fee within 15 days or the appeal would be dismissed. See Initial Case Check, United States v. Overstreet, No. 20-30248 (5th Cir. April 14, 2020). On May 5, 2020, the Fifth Circuit Court of Appeals sent a letter to Jackson requesting that she complete a transcript order form and make financial arrangements with the court reporter to complete her obligation to order the necessary transcripts for the appeal. See Updated Case Processing Notice, United States v. Overstreet, No.

20-30248 (5th Cir. May 5, 2020).¹  On May 26, 2020, the Fifth Circuit Court of Appeals dismissed Overstreet's appeal pursuant to Fifth Circuit Rule 42.3 for want of prosecution, noting that the appellant failed to pay the filing fee, order transcripts, or make financial arrangements with the court reporter.  See Record Document 52.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to "reasonably effective" assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).  This entitlement to effective assistance of counsel extends to the defendant's first appeal of right.  See Halprin v. Davis, 911 F.3d 247, 260 (5th Cir. 2018) (citing Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830 (1985)).  A lawyer who fails to follow a defendant's specific instruction to file a notice of appeal falls below that standard.  See Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 1035 (2000).  "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice."  Id.  If counsel fails to file an appeal as requested, the defendant is entitled to an out-of-time appeal without showing that his appeal would likely have merit.  See id.; United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007).

In this case, the Court must assume that Jackson received instructions from Overstreet to appeal his conviction and sentence because she filed a notice of appeal on Overstreet's behalf. Indeed, Overstreet filed a statement to that effect under penalty of perjury.  See Record Document 55-2 at ¶ 12.  However, Jackson failed to perfect that appeal to prevent dismissal by neglecting to arrange for the payment of the filing fee, ordering the necessary transcripts, or arranging payment to the court reporter.  If there was confusion regarding Jackson's continued representation or a dispute concerning the payment of the necessary fees, Jackson should have filed a motion to withdraw her representation and assisted Overstreet in requesting court

---

¹ This letter also contained a postscript to counsel advising that due to an error in the April 14, 2020 letter, the fee and transcript order deadline was set for May 20, 2020.

appointed appellate counsel and/or the filing of an *in forma pauperis* application. Alternatively, if Jackson considered the appeal to be meritless she should have filed an Anders[2] brief with the Fifth Circuit Court of Appeals. Taking no action is inconsistent with Overstreet's right to effective assistance of counsel. As such, Overstreet is entitled to an out-of-time appeal. See United States v. Sandifer, No. 10-0298, 2016 WL 4248890 (W.D. La. Mar. 31, 2016); Rodriguez v. United States, No. 11-0783, 2012 WL 1038575 (W.D. Tex. Mar. 26, 2012); De Hoyos v. United States, 2007 WL 2010750 (S.D. Tex. July 5, 2007). Overstreet did not specifically request an out-of-time appeal. However, providing an out-of-time appeal is the proper procedural remedy to provide Overstreet with effective assistance of counsel for his appeal. See United States v. West, 240 F.3d 456, 460 (5th Cir. 2001).

Based on the foregoing reasons, Overstreet is hereby **GRANTED** an out-of-time appeal. The criminal judgment dated February 26, 2020 (Record Document 41) shall be reinstated on the docket to restart the time for appeal. Following the procedure set forth in United States v. West, Overstreet's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence (Record Document 55) is **DISMISSED WITHOUT PREJUDICE**.

Jackson has not filed a motion to withdraw her representation with this Court or with the Fifth Circuit Court of Appeals. However, at this time, the Court will relieve Jackson of any further representation of Overstreet to the extent that any attorney-client relationship remains. The Office of the Federal Public Defender is hereby appointed to represent Overstreet on appeal pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.

**THUS DONE AND SIGNED**, this 23rd day of August, 2021.

_Donald E. Walter_
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[2] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967).